**Iqbal SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–72918.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 14, 2005.

Garish Sarin, Esq., Los Angeles, CA, for Petitioner.

OIL, Stacy S. Paddack, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, HALL and SILVERMAN, Circuit Judges.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Iqbal Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' summary affirmance of an Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review an adverse credibility finding for substantial evidence and will uphold the decision unless the evidence compels a contrary conclusion. *See Singh v. Ashcroft,* 367 F.3d 1139, 1143 (9th Cir.2004). We deny the petition for review.

Substantial evidence supports the IJ's decision. Singh's testimony was internally inconsistent, inconsistent with his supporting documentation, and conflicted with the State Department report. *See Singh–Kaur v. INS,* 183 F.3d 1147, 1152–53 (9th Cir.1999); *Chebchoub v. INS,* 257 F.3d 1038, 1044 (9th Cir.2001) (stating that State Department Report may be used to discredit petitioner's credibility regarding generalized statement). Moreover, substantial evidence supports the IJ's adverse credibility finding regarding Singh's submission of false documents. *See Zahedi v. INS,* 222 F.3d 1157, 1165 (9th Cir.2000) (the same standards governing credibility determinations of testimonial evidence apply to documentary evidence); *Akinmade v. INS,* 196 F.3d 951, 955–56 (9th Cir.1999) (the presentation of a fraudulent document to prove an essential element of the asylum claim indicates a lack of credibility).

Because Singh failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Fisher v. INS,* 79 F.3d 955, 961 (9th Cir.1996) (en banc).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

As Singh "points to no other evidence that he could claim the [IJ] should have considered in making [her] determination under the Convention Against Torture," his CAT claim must fail along with his asylum claim. *See Farah v. Ashcroft,* 348 F.3d 1153, 1157 (9th Cir.2003).

Singh's claim that the record was not adequately translated fails because we cannot conclude "that a better translation would have made any difference in the hearing's outcome." *See Singh,* 367 F.3d at 1144.

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.